UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/24/2022
```

REPUBLIC OF GUATEMALA,

                Petitioner,

-against-

IC POWER ASIA DEVELOPMENT LTD.,

                Defendants.

No. 1:22-cv-00394 (CM)

## ORDER ON PETITIONER'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

McMahon, J.:

Petitioner, the Republic of Guatemala, has filed two motions (Dkt. Nos. 4, 7) to file certain documents accompanying its Petition for Recognition of an Arbitration Award ("Petition") under seal. These documents are Exhibits 4, 5, 7, 9, 11, 12, and 13. Petitioner alleges that these Exhibits be filed under seal because they are or refer to information that is confidential and/or sensitive; it argues that the harm of disclosing the information in these exhibits outweighs the presumption of public access.

Specifically, Petitioner explains:

- **Exhibit 4** is a "strictly private & confidential" letter from Citi to ICPA's affiliate company, Inkia Energy Limited ("Inikia"). In this letter, Citi, on behalf of Actis Infrastructure 2 LP ("Actis"), invited Inkia and its advisors to submit a bid for the acquisition of the Distributors. The letter outlines the bidding process and restricts "prospective investors" from revealing the information in the letter as the subject "is commercially sensitive."

- **Exhibit 5, 7, and 9** are share purchase agreements between ICPA and third parties. These exhibits contain sensitive business information such as pricing, transfer taxes, payment method, and other related agreements.

- **Exhibit 11** is a letter from the law firm García & Bodán to ICPA, discussing the Distributors' compliance with the Foreign Corrupt Practices Act ("FCPA") and advising ICPA of legal actions to take in Guatemala, which contains sensitive information.

- **Exhibits 12 and 13** are email exchanges between ICPA and I Squared Capital, a non-party to the case. They contain personally identifying information and private negotiations regarding the sale of the Distributors.

Petitioner explains that public disclosure of these specific documents would allow others to gain an unfair insight into the companies' acquisition strategies.

Petitioner does not seek the wholesale sealing of the record in this case, and properly so. Sealing of the entire record would contravene First Amendment public access principles, which cannot be contracted away by the parties and which are not impacted by the confidentiality practices of arbitral tribunals, such as UNCITRAL, under whose auspices this dispute was arbitrated. As Petitioner points out, the presumption of public access to judicial documents is only overcome if sealing "*is essential* to preserve higher values" and "*narrowly tailored to preserve that interest.*" *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12 CIV. 3274 JPO, 2012 WL 3583176, at *5 (S.D.N.Y. Aug. 21, 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)) (emphasis added). "Broad and general findings by the trial court…., are not sufficient to justify closure." *Lugosch*, 435 F.3d at 120.

So the question is whether the Petitioner has established that the sealing of these particular documents is necessary. The answer to that question is no – not at this point.

Petitioner has presented the court with over 600 pages of documents that it wishes to seal. It does not identify what information on each page qualifies as confidential; it simply seeks to seal entire documents on the ground that something located somewhere in them qualifies as confidential. And petitioner is very vague about what that confidential information might be.

If Petitioner wishes to keep these exhibits (or portions of them) under seal, it needs to go through the documents, page by page, and identify what information qualifies as confidential – and

then explain IN DETAIL to the court why that information qualifies as confidential at this moment in time (for example, it is insufficient that it qualified as confidential for purposes of the arbitration). To take one example: it is not at all clear that the allegedly confidential information about bidding procedures in Exhibit 4 should be sealed, as the bidding for the acquisition of the Distributors took place years ago. To take another: Exhibit 11 might contain attorney-client privileged information, but if that information was disclosed in the arbitration, then the privilege may well have been waived.

Petitioner must make an appropriate showing about each portion of any document that it wishes to keep under seal. It has ten business days to do so, or the current temporary sealing order will be lifted.

Dated: January 24, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL