UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
REPUBLIC OF GUATEMALA,

                          Petitioner,                              **ORDER**

                  -against-                                  **22-cv-00394 (CM) (JW)**

IC POWER ASIA DEVELOPMENT LTD.,

                          Respondent.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Republic of Guatemala, the Petitioner and Judgment Creditor ("Guatemala"), previously sought and was granted a default judgment against the Respondent and Judgment Debtor IC Power Asia Development Ltd ("ICPA"). Dkt. No. 44.

Guatemala now seeks Court intervention to compel ICPA to comply with post-judgment discovery requests, to award the fees and costs associated with filing this Motion, and to impose sanctions should ICPA refuse to comply. Dkt. No. 51.

For the reasons that follow, Guatemala's Motion to Compel Post-Judgment Discovery is GRANTED. Furthermore, Guatemala's request that it be awarded all reasonable expenses and attorneys' fees incurred in making this Motion is also GRANTED.

## BACKGROUND

### A. Background to Default

In 2016, Respondent ICPA, an Israeli company, invested in the power sector of Guatemala by acquiring two of the country's largest electricity distribution

companies. Dkt. No. 41 at ¶2. Within a few months, Guatemala and ICPA were embroiled in a dispute over back taxes imposed on the purchased Guatemalan entities. Id.

In 2018, ICPA brought a claim against Guatemala in the Permanent Court of Arbitration alleging violations of a bilateral investment treaty between Guatemala and Israel. Dkt. Nos. 1-6; Dkt. No. 41 at ¶3.

The Tribunal dismissed ICPA's claim in its entirety and ruled in favor of Guatemala, ordering ICPA to pay Guatemala $1,803,042.61 for all legal costs and expenses incurred. Dkt. No. 41 at ¶3.

In January 2022, Guatemala sought to have the Award recognized pursuant to Section 207 of the Federal Arbitration Act and Article III of the New York Convention. Dkt. No. 2.

Despite receiving service on September 5, 2022, ICPA failed to respond to the Petition. Dkt. No. 41 at ¶10. To date, no counsel has appeared on ICPA's behalf.

On December 20, 2022, District Judge McMahon granted Guatemala's motion for a default judgement. Dkt. No. 44.

### B. Relevant Background Since the Default

On January 24, 2023, Guatemala served Requests for Production on ICPA through ICPA's authorized agent,[1] Gornitzky and Co., via UPS delivery. Dkt. No. 51 at 1. Guatemala furnished a copy of the proof of delivery and a Declaration from its

---

[1] In the Default Judgment Order Judge McMahon determined that Gornitzky and Co. was "ICPA's agent". Dkt. No. 44. Thus, for the purposes of this Order, this Court shall adopt District Judge McMahon's previous determination that Gornitzky and Co. is ICPA's authorized agent.

attorney Quinn Smith. Dkt. No. 52, Exhibit C. The deadline to respond to these discovery requests was February 23, 2023.

On March 6, 2023, counsel for Guatemala wrote to the attorneys at Gornitsky and Co. requesting a response and offering to hold discussions to resolve the discovery dispute. Dkt. No. 51 at 2. In that email, counsel for Guatemala warned that if a motion to compel the discovery became necessary, that it would also seek reasonable expenses incurred in making that motion, including attorney's fees. Dkt. No. 52-4, Exhibit D.

ICPA did not respond to Guatemala. Dkt. No. 52 at ¶5.

On March 17, 2023, Guatemala filed a Motion to Compel Post-Judgment Discovery and for an award of the attorney's fees incurred in making the Motion. Dkt. No. 50.

ICPA did not file any response to the Motion.

On March 17, 2023, District Judge McMahon referred the discovery dispute to this Court. Dkt. No. 49.

## LEGAL STANDARD

Federal Rule of Civil Procedure 69(a)(2) states that "in aid of the judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Rule 69(a)(2) has been interpreted to permit judgment creditors "wide latitude in using the discovery devices provided by the Federal Rules in post-judgment

3

proceedings." Donoghe v. Astro Aerospace Ltd., No. 19-cv-7991 (JPO), 2022 WL 17095249, at *1 (S.D.N.Y. Nov. 21, 2022) *citing* GMA Accessories, Inc. v. Elec. Wonderland, Inc., No. 07-cv-3219 (PKC) (DF), 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012).

"Under Rule 69(a), a judgment creditor is entitled to a wide range of discovery concerning the assets and liabilities of a judgment debtor." Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc., No. 01-cv-9649 (JFK), 2006 WL 3456521, at *8 (S.D.N.Y. Nov. 30, 2006).

To obtain an order compelling disclosure under Rule 37, a movant must certify that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure…" Fed. R. Civ. P. 37(a)(1).

## DISCUSSION

### A. The Court Compels ICPA to Respond to Post-Judgment Discovery

First, the documents requested by Guatemala clearly fall within the wide range of permitted post-judgment discovery, as they relate to the assets and liabilities of the judgment creditor. See Request for Documents, Dkt. No. 52-2, Exhibit B. Thus, Guatemala's request for such documents is proper under Rule 69(a)(2).

Next, Counsel for Guatemala, Quinn Smith, certified in a Declaration that an email was sent to Gornitzky and Co., who had previously confirmed that they were acting on behalf of ICPA. Dkt. No. 52 at ¶55. That email stated, "this email serves as an attempt to confer as required under Federal Rule of Civil Procedure 37(a)(1)." Dkt.

No. 52-4, Exhibit D. Thus, Guatemala has met its burden for a Motion to Compel under Rule 37.

Therefore, Guatemala's Motion to Compel a response to the document requests in Dkt. No. 52-2, Exhibit B, is GRANTED.

### B. The Court Retains Authority to Issue Contempt Sanctions

The "court has discretion to impose contempt sanctions for violations of post-judgment discovery orders." Exp.-Imp. Bank of Republic of China v. Grenada, No. 06-cv-2469, 2010 WL 5463876, at *1 (S.D.N.Y. Dec. 29, 2010). To date, ICPA has provided no explanation for its continued noncompliance.

Therefore, should ICPA fail to comply with the discovery requests within fourteen days of the filing of this Order, Guatemala shall be granted leave to file an application for an order to show cause why a contempt citation should not be issued. See City of Almaty, Kazakhstan v. Ablyazov, No. 15-cv-05345 (JGK) (KHP), 2023 WL 2789154, at *1 (S.D.N.Y. Mar. 15, 2023), *report and recommendation adopted*, No. 15-cv-5345 (JGK), 2023 WL 2787933 (S.D.N.Y. Apr. 4, 2023)("Under 28 U.S.C. 636(e)(6), a federal Magistrate Judge may certify facts constituting contempt to a district judge and issue an order to show cause why that person should not be adjudged in contempt of court by the facts so certified. The Magistrate Judge's role is 'to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.' [citations omitted]. Upon certification of the facts supporting a finding of contempt, the District Judge is then required to conduct a de novo hearing…The party moving for contempt must demonstrate that the contemnor failed to comply

with a clear and unambiguous order of the Court by clear and convincing evidence and that the contemnor has not attempted to comply in a reasonable and diligent manner.").

### C. Guatemala Shall Be Awarded the Costs of This Motion

Under Federal Rule of Civil Procedure 37, if a motion to compel "is granted…the court must…require the party or deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Here, the Motion to Compel has been granted, Guatemala previously attempted to obtain the discovery in good faith, and there is nothing to suggest that ICPA's noncompliance was justified or that any other circumstances exist that would make an award of fees unjust. Hence, Guatemala's request for reasonable attorney's fees is also GRANTED. Guatemala shall have 21 days from the date of this Order to submit a declaration detailing the reasonable attorney's fees and costs incurred in making the Motion to Compel.

## CONCLUSION

For the reasons given, Petitioner Guatemala's Motion to Compel the production of post-judgment discovery is GRANTED. Furthermore, should ICPA fail

to comply with the discovery requests within fourteen days of the filing of this Order, Guatemala shall be granted leave to file an application for an order to show cause why a contempt citation should not issue. Finally, Respondent ICPA shall pay Petitioner Guatemala the reasonable attorney's fees and costs in connection with this Motion. Guatemala shall have 21 days to submit a declaration detailing its expenses and reasonable attorney's fees in preparing this Motion.

    SO ORDERED.

DATED:    New York, New York
             May 5, 2023

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge